Nash, C. J.
 

 The defendant is a minister of the gospel, of the Methodist Church, and a citizen of, and resident within Eliz-beth City. Being enrolled by the proper authorities of the town as one of the patrol thereof, he was duly summoned to perform
 
 *90
 
 his duty as such. Having refused to do so, the present action is to recover the penalty, by the laws of the corporation, attached to such refusal or neglect. It is admitted by the defendant, that there is no statutory exemption which he can claim, and he puts the defence simply upon the ground, that the duties assigned to him as a patrol were inconsistent with those which he owed to the church of which he is a minister. The question does not fairly arise here; for the case no where informs us what die duties are of a minister of any church, which would come in conflict with those of the city police; nor does it state what duty the defendant was called to perform as a minister of the gospel, at the time he was summoned. Certainly, if at the time he was to act as one of the patrol, he was under an obligation to perform some special clerical duty, it was necessary to let the Court know what that duty was, that they might judge' of its pressing necessity, or whether it was a necessity at all In the present state of the case, we cannot see that there was any conflict of duties, and we are not at liberty to decide abstract questions of law. To call upon the Court to say that the defendant is exempt from the performance of any duty to which every other citizen of the town is liable, is to ask the Court to make, and not' expound the law. Elizabeth City is an incorporated town, vested with full power to pass all laws necessary to its welfare, and the comfort of the citizens — the only restriction being the constitution of the country, and the general laws of the State. They can pass no ordinance violating either. .
 

 Had the defendant applied to the proper authorities of the town for an exemption, no doubt can exist but what one would have been granted, exempting not only him, but every other regular minister of the gospel residing within the corporate limits. We live in a Christian land where the ministers of every sect are reverenced, and treated with the respect due to their sacred office; and we live under equal laws, where all are protected, and none entitled to peculiar privileges. Such is the proud distinction of our happy country, such is its moral and religious state, and such the equality it cherishes and loves.
 

 There is no error in the judgment below, and it is affirmed.
 

 Per Curiam. Judgment affirmed.